**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No.: 18-14821-LMI** |
| **WILL ZAMORA,** | **Chapter 13** |
| Debtor.                                                 / | |

**CREDITOR TIMOTHY MOSLEY'S EMERGENCY OBJECTION
TO DEBTOR'S NOTICE OF VOLUNTARY DISMISSAL [ECF 19]
AND MOTION TO CONVERT CASE TO CHAPTER 7**

Local Rule 9075-1 Statement of Exigency

On May 30, 2018, the Debtor filed his Notice of Voluntary Dismissal in which he seeks to dismiss this chapter 13 proceeding. The Debtor abused the chapter 13 process and filed this chapter 13 case in bad faith to avoid an eviction, among other things, which prejudiced and harmed Creditor Timothy Mosley. Mr. Mosley asks the Court to postpone dismissing this this case until his Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1307(c) for cause based on bad faith is heard. Once the Court has dismissed the case, the Court will not be able to consider Mosley's Motion to Convert, which is meritorious and will be in the best interests of creditors. Mr. Mosley asks the Court to set this matter for a hearing in its usual course, but to *withhold* dismissing this case until the Court has heard this objection and Motion to Convert.

Creditor Timothy Mosley ("Mosley") asks the Court to postpone dismissing this chapter 13 case and to hear and grant his Motion to Convert Case to a Chapter 7, and states:

1. On April 25, 2018, the Debtor filed this voluntary chapter 13 case within a few hours of Mosley's service of a writ of possession by the Miami-Dade County Sheriff's office to evict the Debtor from Mosley's 10,000 square foot house in Pinecrest, Florida [ECF 1, 8].

2. The Debtor filed nothing more than a bare-bones petition with no schedules [ECF 1]. The Court entered an Order requiring the Debtor to file schedules on or before June 9, 2018 [ECF 18]. To date, the Debtor has not filed any schedules.

1

3. After an emergency hearing on May 8, 2018 [ECF 9], the Court entered an Order providing Mosley with stay relief to enforce the writ of possession and to evict the Debtor [ECF 14].

4. The Debtor's chapter 13 was filed in bad faith to delay and to frustrate Mosley's attempts to regain possession of his Pinecrest house. As a result of the Debtor's actions, some of which are after the filing of this chapter 13, Mosley has been damaged. The Debtor has significant assets for a chapter 7 trustee to be able to administer for the benefit of general unsecured creditors, such as Mosley.

5. Section 1307(c) of Title 11 permits the Court to convert a chapter 13 debtor's case to a chapter 7 for "cause" which includes bad faith. Here, the Debtor filed his chapter 13 case in bad faith. The chapter 13 was filed during eviction proceedings and after a writ of execution was issued and served, after many months of delays in state court and more than $100,000 due in back rent alone. Mosley has a large claim against the Debtor well beyond this $100,000. The Debtor has many assets which a chapter 7 trustee would administer for the benefit of Mosley and other creditors. The Debtor is also a defendant in a post-foreclosure sale proceeding in the United States District Court case in Puerto Rico that is still active and presents another creditor who could benefit from an orderly liquidation.

6. The Debtor has additionally not been forthcoming with the Court. The Debtor never filed any schedules. The Debtor failed to disclose the existence of the writ of possession and eviction in his bare-bone petition by misrepresenting no final judgment existed when a final judgment had been entered. The Debtor also misrepresented on his petition that he did not own any sole proprietorships. Mosley has found two to date. The Debtor also misrepresented his assets and liabilities in his petition as both being under $50,000. Neither is true. Bad faith is manifest and cries out for conversion to a chapter 7.

7. At a minimum, Mosley asks the Court to postpone dismissing this case until his Motion to Convert has been heard, and to permit Mosley to engage in discovery relating to the bad faith elements if it not completed before the hearing on this matter.

WHEREFORE Creditor Timothy Mosley prays this Honorable Court will not dismiss this chapter 13 case, and will either convert this case to a chapter 7 or permit Mosley discovery on the issue of conversion before dismissing this case, and granting such other relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the parties listed below in the manner indicated, on this the 30th day of May, 2018.

                    **STEVEN FENDER P.A.**

                    */s/ G. Steven Fender*
                    G. STEVEN FENDER, ESQ.
                    Florida Bar No. 060992
                    Attorney for Creditor Timothy Mosley
                    P.O. Box 1545
                    Ft. Lauderdale, FL 33302
                    Telephone: (407) 810-2458
                    Email: steven.fender@fender-law.com

**Electronic Mail Notice List**

- Sandra Navarro-Garcia    snglawcourt@yahoo.com
- Office of the U.S. Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Nancy K. Neidich    e2c8f01@ch13miami.com; ecf@chapter13.com

**Via U.S. Mail**

Will Zamora
10395 SW 67 Avenue
Pinecrest, FL 33156

3