

**ORDERED in the Southern District of Florida on October 3, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No.: 18-14821-LMI

WILL ZAMORA,                                              Chapter 13

      Debtor.
_____/

## ORDER CONVERTING CASE TO CHAPTER 7

THIS MATTER came before the Court for a final evidentiary at 9:30 a.m. on October 2, 2018 [ECF 41] on the Debtor Will Zamora's (the "Debtor") Notice of Voluntary Dismissal with Prejudice (the "Notice of Dismissal") [ECF 19], and Creditor Timothy Mosley's Emergency Objection to the Notice of Dismissal and Motion to Convert Case to Chapter 7 (the "Motion to Convert") [ECF 20], and for the reasons set forth on the record by the Court, the Court

    ORDERS

    1.    This case is converted to a case under chapter 7.

    2.    The chapter 13 trustee, within 30 days of the date of this order, shall file an accounting of all receipts and distributions made, and list any pending obligations incurred under the plan. A copy of the report shall be served on the U.S. trustee.

    3.    The Debtor, within 14 days of the date of this order, shall file a schedule of unpaid

debts incurred after the commencement of the chapter 13 case as required by Bankruptcy Rule 1019(5) and Local Rule 1019-1(B).  The schedule must be accompanied by a matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices". The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B).  Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged.  A copy of this schedule shall be served on the chapter 7 trustee.

4.  The chapter 13 trustee shall, within 14 days from the date of this order, turn over to the chapter 7 trustee all records of the estate remaining in the chapter 13 trustee's custody and control, as required by Bankruptcy Rule 1019(4).

5.  The chapter 13 trustee shall dispose of funds in the trustee's possession in accordance with Local Rule 1019-1(E), unless otherwise ordered by the court.

6.  The Debtor shall file, within 14 days of the date of this order:

   a.  the statements and schedules required by Bankruptcy Rules 1007(c) and 1019(1)(A) in accordance with Local Rules 1007-2 and 1009-1(E), if such documents have not already been filed.

   b.  the Official Form(s) 122A-1 "Chapter 7 Statement of Your Current Monthly Income and Means-Test Calculation", 122A-1Supp "Chapter 7 Means Test Exemption Attachment, 122A-2 Chapter 7 Means Test Calculation, required under Local Rule 1019-1(L);

   c.  payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and Local Rule 1007-1(F); and

   d.  if not already filed, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under §109(h)(4).

7.  The Debtor shall file, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108.

8.  The Debtor shall file, within 60 days after the first date set for the meeting of creditors under § 341, "Certification About a Financial Management Course" (Official Form 423) [See Bankruptcy Rules 1007(b)(7)(A) and (c)] (unless the course provider files a certificate of completion

on the debtor's behalf).

9. If this case is being converted after the confirmation of a plan, the Debtor shall file, within 30 days of the date of this order:

  a. A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order;

  b. A schedule of unpaid debts (and matrix as described in paragraph 3) not listed in the final report and account of the chapter 13 trustee which were incurred after the commencement of the chapter 13 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B); and

  c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order.

10. The Debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

11. If the Debtor had been granted permission to pay the chapter 13 filing fee in installments and the Debtor seeks waiver of the balance of the filing fee due, the Debtor must file the waiver application prior to the next installment payment date to avoid dismissal of the case for nonpayment.

12. If the Debtor does not comply with the provisions of this order, the chapter 7 trustee may seek dismissal at a subsequent hearing exercising his or her business judgment for the best interests of creditors or the estate, at which time the Court, for the reasons stated on the record, may enter a dismissal order with a five (5) year nationwide prejudice period against the Debtor filing any bankruptcy petition.

# # #

Mr. Fender is instructed to serve copies of this Order on all parties in interest and to file a certificate of service that he has done so.