UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

**In re:**                                                           **Case No.: 18-14821-LMI**

**WILL ZAMORA,**                                        **Chapter 7**

    **Debtor.**
_____/

### CREDITOR TIMOTHY MOSLEY'S EMERGENCY *EX-PARTE* MOTION TO REINSTATE CASE

Local Rule 9075-1 Statement of Exigency

On April 25, 2018, the Debtor filed this case as a voluntary chapter 13 with nothing but a bare-bones petition without any schedules, creditor matrix or other requirements for a chapter 13. On April 26, 2018, the clerk's office issued its usual notice of incomplete filings [ECF 3]. As a result of the Debtor's conduct, including the failure to file any of the materials required at ECF 3, and after several hearings culminating in an evidentiary hearing, on October 4, 2018, the Court entered its Order Converting Case to Chapter 7 [ECF 59]. The case is now a chapter 7 being administered by a chapter 7 trustee with a section 341 meeting of creditors scheduled for November 6, 2018 [ECF 59-1]. Mosley has been providing information to the chapter 7 trustee and fought hard for the conversion.

On October 24, 2018, the Court entered its standard chapter 13 dismissal order which dismisses this case with a 180 prejudice period based on the Debtor's failure to file any schedules, creditor matrix, or anything else in this case [ECF 72]. This order appears to have been an administrative error. Mosley asks the Court to consider the present motion to reinstate on an emergency basis given that the 341 meeting of creditors is scheduled for November 6, 2018, less than two weeks away. Given that the Order at ECF 72 appears to have been entered in error as an administrative matter, Mosley asks that the Court consider this on an *ex-parte* basis as well and to immediately enter an order reinstating this case. Alternatively, Mosley asks for a hearing on this matter prior to October 30, 2018.

1

Creditor Timothy Mosley ("Mosley") asks the Court to reinstate this case immediately, and states:

1. On April 25, 2018, the Debtor filed this case as a bare-bones, petition-only chapter 13 [ECF 1]. On April 26, 2018, the Clerk's office issued is usual notice of incomplete filings [ECF 3]. There have been several hearings in this matter, which culminated in an evidentiary hearing on October 2, 2018, after which the Court entered its Order Converting Case to Chapter 7 on October 4, 2018 [ECF 59]. A chapter 7 trustee was duly appointed and a section 341 meeting of creditors is scheduled for November 6, 2018 [ECF 59-1]. The chapter 7 trustee has hired counsel [ECF 70] and the chapter 13 trustee filed her final report [ECF 66] and was discharged [ECF 67].

2. On October 24, 2018, the Court entered its standard chapter 13 dismissal order based on the Debtor having not cured the chapter 13 deficiencies at ECF 3 [ECF 72]. The October 24, 2018 order appears to have been entered as an administrative error given the matter was converted to a chapter 7 several weeks ago, and is no longer a chapter 13 case. Mosley asks the Court to reinstate this case immediately given the imminency of the section 341 meeting of creditors and the fact that the chapter 7 trustee and Mosley are presently working on collecting assets of this case.

3. While Local Rule 9013-1(C) does not list this type of motion as one to be considered on an *ex-parte* basis, Mosley asks that the Court consider this matter without a hearing and to reinstate this case immediately. The October 24 order appears to have been entered as an administrative mistake, and without any notice to anyone. That order can be accordingly undone in the same manner. There are no grounds to oppose the relief sought in this instant motion. If the Court does not agree with this contention, then Mosley asks the Court to immediately set a hearing, on or before October 30, 2018, so that the case is reinstated in enough time so that the section 341 meeting of creditors is not affected, or the Debtor uses this dismissal order as an excuse not to attend.

WHEREFORE Creditor Timothy Mosley prays this Honorable Court will enter an order as soon as possible reinstating this case, and granting such other relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the parties listed below in the manner indicated, on this the 25th day of October, 2018.

                                  **STEVEN FENDER P.A.**

                                  */s/ G. Steven Fender*
                                  G. STEVEN FENDER, ESQ.
                                  Florida Bar No. 060992
                                  Attorney for Creditor Timothy Mosley
                                  P.O. Box 1545
                                  Ft. Lauderdale, FL 33302
                                  Telephone: (407) 810-2458
                                  Email: steven.fender@fender-law.com

**Electronic Mail Notice List**

- Sandra Navarro-Garcia     snglawcourt@yahoo.com
- Office of the U.S. Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Ross Hartog, Trustee     rhartog@mrthlaw.com
- John Lee Esq.     lee@mrthlaw.com

**Via U.S. Mail**

Will Zamora
850 N. Miami Avenue, Apt. 1510
Miami, FL 33136-3545

and

**Via Electronic Mail**

wzamora@bsuniverse.com

1558470v1

3