UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 18-14821-LMI |
| WILL ZAMORA | Chapter 7 |
| Debtor./ | |

**TRUSTEE'S MOTION FOR ORDER
COMPELLING DEBTOR TO APPEAR AT RESCHEDULED
SECTION 341 MEETING OF CREDITORS AND MOTION TO COMPEL THE
DEBTOR TO FILE SCHEDULES AND CURE FILING DEFICIENCIES**

Ross R. Hartog, the duly appointed chapter 7 trustee (the "Trustee") for the estate of Will Zamora (the "Debtor"), by undersigned counsel, moves the Court for the entry of an order compelling the Debtor to: (i) appear at the rescheduled Section 341 Meeting of Creditors scheduled for December 13, 2018 at 8:30 a.m.; and (ii) cure filing deficiencies including, but not limited to, the filing of schedules and statement of financial affairs. In support of this motion (the "Motion"), the Trustee states as follows:

**Background**

1. On April 25, 2018, the Debtor filed a skeleton petition under chapter 13 of the Bankruptcy Code.

2. On October 4, 2018, the Debtor's bankruptcy was converted to one under Chapter 7 of the Bankruptcy Code.

3. Ross R. Hartog was subsequently appointed as the chapter 7 trustee.

4. On October 4, 2018, the *Order Converting Case to Chapter 7* [ECF No. 59] and a *Notice of Chapter 7 Bankruptcy Case* [ECF No 59-1] were served by G. Steven Fender, Esq. on all parties, including the Debtor [ECF No. 61], scheduling the Debtor's Section 341 Meeting of Creditors for November 6, 2018 at 4:00 p.m. (the "Meeting of Creditors").

5. The Trustee prepared for and attended the Meeting of Creditors.

6. The Debtor failed to attend the Meeting of Creditors.

7. The meeting of creditors has been rescheduled to December 13, 2018 at 8:30 a.m. (the "Second Meeting of Creditors").

8. The *Order Converting Case to Chapter 7* (the "Conversion Order") also required the Debtor to cure numerous filing deficiencies including, but not limited to, the filing of his schedules and statement of financial affairs within fourteen (14) days of the entry of the Conversion Order. *See* ECF No. 59.

9. As of the filing of this Motion the Debtor has failed to file any documents with this Court or otherwise comply with ECF 59.

10. Additionally, based on the Trustee's initial review and due diligence, he believes that assets are available for administration.

**Relief Requested**

11. The Trustee requests that the Court enter an order compelling the Debtor to appear at the Second Meeting of Creditors, as well as to direct the Debtor to cure numerous filing deficiencies, including the filing of a complete petition with schedules, as well as other items subject to the Conversion Order, within five (5) days of an entry of an order granting the Motion.

12. 11 U.S.C. § 343 provides that a debtor "shall appear and submit to examination under oath" at the Section 341 meeting of creditors[4]. A debtor's duty to attend the meeting of creditors and submit to examination is mandatory.

---

[4] In addition, Fed. R. Bankr. P. 4002 provides that the debtor shall attend and submit to an examination at the times ordered by the court.

13. Furthermore, a debtor's appearance and submission to examination under oath at the meeting of creditors constitutes an appearance before the court and the notice of such meeting is the equivalent to an order of this Court. See e.g., In re Montgomery, 37 F.3d 413 (8th Cir. 1994); In re Arena, 81 B.R. 851 (Bankr. E.D. Pa. 1988); In re Fulton, 52 B.R. 627 (Bankr. D. Utah 1985).

14. Therefore, the Debtor's failure to attend the Initial Meeting of Creditors constitutes a willful failure to abide by an order of this Court.

15. Based upon the foregoing, the Trustee requests that this Court enter an order: (i) compelling the Debtor to attend the Second Meeting of Creditors and issue sanctions against the Debtor by awarding the Trustee his reasonable attorneys' fees and costs incurred for their time spent in preparing for and attending the hearing on this Motion; and (ii) directing the Debtor to cure numerous deficiencies, including the filing of a complete petition with schedules, as well as other applicable items subject to the Conversion Order, within five (5) days of an entry of an order granting the Motion.

WHEREFORE, the Trustee respectfully requests the Court enter an order: (i) granting this Motion; (ii) directing the Debtor to appear at the Second Meeting of Creditors; (iii) awarding sanctions against the Debtor for time spent by the Trustee and his counsel for preparing and prosecuting this Motion; (iv) directing the Debtor to cure numerous deficiencies, including the filing of a complete petition with schedules, as well as other applicable items subject to the Conversion Order, within five (5) days of an entry of an order granting the Motion; and (v) granting such other and further relief the Court deems just and proper.

Dated: November 12, 2018                    Respectfully submitted,

             **MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.**
             *Counsel to Chapter 7 Trustee*
             9130 South Dadeland Boulevard, Suite 1800
             Miami, Florida  33156
             Tel. (305) 670-5000
             Fax. (305) 670-5011

           By: /s/ *John H. Lee*
             John H. Lee, Esq.
             Florida Bar No. 91795
             jlee@mrthlaw.com

770693