UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

WILL ZAMORA,

Debtor./

CASE NO.: 18-14821-LMI

Chapter 7

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT WITH TIMOTHY MOSLEY**

Ross R. Hartog, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of **Will Zamora** (the "Debtor"), moves (the "Motion"), pursuant to Federal Bankruptcy Rule 9019 to approve the Stipulation for Compromise and Settlement (the "Stipulation") entered into by and between the Trustee and Timothy Mosley ("Mosley"). In support of the Motion, the Trustee states as follows:

**Background and Jurisdiction**

1. On April 25, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. On October 4, 2018, this case was converted to Chapter 7. Thereafter, Ross Hartog was appointed as the Chapter 7 Trustee [ECF 59].

2. Prior to the Petition Date, the Debtor and Mosley were involved in three (3) state court cases concerning real estate that the Debtor was trying to purchase from Mosley:

- Miami-Dade County Court Case No.: 2018-000471-CC-26;
- Miami-Dade County Circuit Court Case No.: 2018-4315-CA-01; and
- Miami-Dade County Circuit Court Case No.: 2018-003739-CA-01

(collectively, the "State Court Cases").

3. Prior to the Petition Date, $20,000 had been placed in escrow with the Keyes Company Realty Trust Account ("Escrow #1); $40,000 had been placed in escrow with LL Business Managements, Inc. ("Escrow #2); and $40,000 had been placed in escrow with the Debtor ("Escrow #3). The Escrows related to the Debtor's attempt to purchase real property from Mosley that the Debtor was unable to accomplish in breach of various agreements with Mosley.

4. The Trustee and Mosley have each claimed an interest in Escrow #1, Escrow #2 and Escrow #3.

5. The Trustee has reviewed the State Court Cases and the history of the surrounding disputes, as well as Mosley's claims against the Debtor, and has determined that the Debtor was in default under the agreements related to the sale of the real estate such that Escrow #1 and Escrow #2 belong to Mosley.

6. The Stipulation provides for the settlement of Escrow #1, Escrow #2 and Escrow #3, in that Mosley will pay the Estate the sum of $10,000. The Stipulation to Compromise Controversy is attached hereto as **Exhibit "A".**

7. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions and an allocation of the settlement proceeds.

### Legal Standard for Settlement

8. Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.*

9. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

10. The test is whether a proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.,* 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

11. According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

   (a)   the probability of success in litigation;

   (b)   the difficulties, if any, to be encountered in the matter of collection;

   (c)   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   (d)   the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). See *Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

12. In the instant case, the Stipulation resolves the dispute between the Trustee and the Mosley concerning Escrow #1, Escrow #2 and Escrow #3. The Stipulation further allows the

parties to avoid the time and expense associated with litigating these issues, which would necessarily involve the retention and payment of valuation experts, the time and expense associated with contested evidentiary hearings, and to the extent that the Trustee was successful, the costs associated with the retention of an auctioneer and the sale of assets.

13. Therefore, the Trustee believes that the Stipulation meets the standards set forth in *In re Justice Oaks II*, and recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate, because the settlement avoids the risks associated with litigation and collection in this matter and provides for a meaningful distribution to creditors.

14. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B"**.

**WHEREFORE,** Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

Dated:  February 22, 2019          Respectfully Submitted,

MARKOWITZ RINGEL TRUSTY & HARTOG, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida  33156
Tel. (305) 670-5000
Fax. (305) 670-5011

By: /s/ *John H. Lee*
     John H. Lee, Esq.
     Florida Bar No. 91795
     jlee@mrthlaw.com

780311

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 18-14821-LMI

WILL ZAMORA,                                    Chapter 7

   Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSIES

This Stipulation to Compromise Controversies (this "Stipulation") is entered into on the date set forth below between Ross R. Hartog (the "Trustee"), as Trustee in Bankruptcy for Will Zamora (the "Debtor"), and Timothy Mosley ("Mosley") (the "Trustee" and "Mosley," together, the "Parties"). The Parties stipulate and agree as follows:

### RECITALS

WHEREAS, the Debtor filed a voluntary chapter 13 proceeding on April 25, 2018 (the "Petition Date") [ECF 1]. The Court converted the case to a chapter 7 by order of October 4, 2018, upon which the Trustee was appointed [ECF 59].

WHEREAS, Mosley is the only active creditor in this case to date and his efforts resulted in this matter being converted to a chapter 7.

WHEREAS, prior to the Petition Date, the Debtor and Mosley were involved in three state court cases concerning real estate that the Debtor was trying to purchase from Mosley: Case No. 2018-000471-CC-26 in Miami-Dade County Court; Case No. 2018-4315-CA-01 in Miami-Dade County Circuit Court; and Case No. 2018-003739-CA-01 in Miami-Dade Circuit Court (all three, collectively, the "State Court Cases").

WHEREAS, the Trustee now holds and controls all of the Debtor's interests in the State Court Cases and has full authority over these cases on behalf of the Debtor.

WHEREAS, prior to the Petition Date, $20,000 had been placed in escrow with the Keyes Company Realty Trust Account ("Escrow #1), $40,000 had been placed in escrow with LL Business Management, Inc. (Escrow #2), and $40,000 had been placed in escrow with the Debtor ("Escrow #3"). Escrow #1, Escrow #2, and Escrow #3 relate to an attempt by the Debtor

1

to purchase real property from Mosley that the Debtor was unable to accomplish in breach of various agreements with Mosley. Escrow #1 is held by Keyes Realty, a third party, Escrow #2 is under the control of Mosley. Escrow #3's whereabouts are unknown.

WHEREAS, Mosley and the Trustee have each claimed an interest in Escrow #1, Escrow #2, and Escrow #3.

WHEREAS, the Debtor transferred $14,000 to Mosley on or about December 31, 2017 as a non-refundable extension fee for the purchase of real property that the Debtor was never able to accomplish given his breach of various agreements.

WHEREAS, the Trustee has reviewed the State Court Cases and the history of the surrounding disputes, as well as Mosley's claims against the Debtor, and has determined that the Debtor was in default under the agreements related to the sale of the real estate such that Escrow #1 and Escrow #2 belong to Mosley.

WHEREAS, the Debtor's $14,000 transfer to Mosley may provide the Trustee with a cause of action against Mosley under 11 U.S.C. § 548 (the "Potential Avoidance").

WHEREAS, Mosley denies he is liable for the Potential Avoidance and/or would have defenses thereto.

WHEREAS, the Parties seek to resolve these issues amicably.

## AGREEMENT

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitals are true and correct and are incorporated herein.

2. The Trustee releases any and all claims to Escrow #1 and Escrow #2 and those sums shall be returned to Mosley for his use and benefit. The proposed order approving this Stipulation shall provide that these funds belong to Mosley and any third party holding them shall turn them over.

3. Mosley waives any and all of his claims to Escrow #3 and those shall belong to the Trustee.

2

4. In exchange for the Trustee dismissing the State Court Cases with Prejudice, and releasing his interests in Escrow #1, Escrow #2, and in the Potential Avoidance, Mosley shall pay the Trustee the sum of $10,000 within ten (10) days of the Court's entry of an Order approving this settlement. The check shall be made payable to "Ross R. Hartog, as Trustee in Bankruptcy." Mosley shall deliver the check on or before the due date to Ross R. Hartog, Trustee, 101 NE Third Avenue, Suite 1210, Ft. Lauderdale, FL 33301. Mosley shall prepare the paperwork dismissing the State Court Cases with Prejudice. The dismissal with prejudice of the State Court Cases shall have no impact on the sums Mosley claims in his Proof of Claim, Claim 1.

5. Upon the execution of this Stipulation, the Trustee shall file a motion to approve this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court in the above referenced matter.

6. The Parties are aware that this Stipulation must be noticed to all creditors and parties in interest and must be approved by the Bankruptcy Court. Upon the Court approving this Stipulation, the Parties will ask the Bankruptcy Court to enter an Order approving it and reserving jurisdiction to enforce this Stipulation. In the event that this Stipulation is not approved, it shall be deemed null and void.

## NO OTHER AGREEMENTS: MODIFICATION

7. This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth herein. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed by the Parties, with the same formality as this Stipulation, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

8. All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

9. The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that it is the result of negotiations between the Parties.

## WAIVERS

10. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

11. The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

12. The Parties enter into this Stipulation freely and voluntarily. Neither of the Parties have been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

13. The Parties acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

14. This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective Parties.

15. This Stipulation may be executed in two or more counterparts, including scanned email counterparts, none of which need contain signatures of all of the Parties, each of which will constitute an original, and all of which, taken together, shall constitute one and the same stipulation.

16. The date of this Stipulation is the date on which the last of the parties executes a copy of it.

4

## CAPTIONS

17. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

18. The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body. The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

19. Any notices required by this Stipulation must be given either in writing by email to the parties as follows:

To the Trustee:
Ross R. Hartog, Esq.
101 NE 3rd Avenue, Suite 1210
Ft. Lauderdale, FL 33301
rhartog@mrthlaw.com

To Mosley:
G. Steven Fender, Esq.
P.O. Box 1545
Ft. Lauderdale, FL 33302
steven.fender@fender-law.com

Date: January 12, 2019

By: _____
Ross R. Hartog, Trustee
ROSS R. HARTOG, AS TRUSTEE IN BANKRUPTCY FOR WILL ZAMORA

Date: January 12, 2019

_____
Timothy Mosley

5

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

WILL ZAMORA,

Debtor./

CASE NO.: 18-14821-LMI

Chapter 7

PROPOSED
ORDER GRANTING MOTION TO APPROVE STIPULATION
TO COMPROMISE CONTROVERSIES [ECF ___]

**THIS MATTER** having come before the Court in Miami, Florida, upon the Trustee's Motion to Compromise Controversies between the Trustee Ross R. Hartog (the "Trustee") and Timothy Mosley ("Mosley") (the "Motion") [ECF __], and the Trustee by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21 day response time provided by that rule has expired, that no one has filed, or served on the Trustee a response to the Motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the Motion filed by the Trustee, and being

otherwise fully advised in the premises, hereby

**ORDERS:**

1. The Motion is **GRANTED** and the Stipulation attached to the Motion is **APPROVED**.

2. The Court approves the Stipulation and settlement reached between the Trustee and the Mosley.

3. The terms of the Stipulation attached to the Motion are incorporated herein.

4. The Court finds that all creditors and parties-in-interest have been duly noticed of the Motion, the hearing on the Motion, and the proposed settlement.

5. The Court finds that the settlement is in the best interest of creditors and the estate.

6. The Trustee shall cause the State Court Cases to be dismissed with Prejudice, which papers shall be submitted within ten (10) days of the date of this Order. The Trustee's interests in Escrow #1, Escrow #2, and in the Potential Avoidance are released to Mosley.

7. With respect to Escrow #1, The Keyes Company, Luxury Sales, 2121 SW 3rd Avenue, 3rd Floor, Miami, FL 33129, shall pay to Mosley the full balance of its escrow account for the Will Yanes Zamora/Timothy Mosley matter ($20,000) within ten (10) days of the date of this Order. That $20,000 was wired to The Keyes Company by the Debtor on June 12, 2017 from Regions Bank for identifying purposes.

8. Mosley shall pay the Trustee the sum of $10,000 within ten (10) days of the date of this Order. The check shall be made payable to "Ross R. Hartog, as Trustee in Bankruptcy." Mosley shall deliver the check on or before the due date to Ross R. Hartog, Trustee, 101 NE

Third Avenue, Suite 1210, Ft. Lauderdale, FL 33301. Mosley waives all of his claims to Escrow #3.

9. The dismissal with prejudice of the State Court Cases shall have no impact on the sums Mosley claims in his Proof of Claim, Claim 1.

10. The Court reserves jurisdiction to enforce the terms of this Order and the Stipulation.

# # #

Submitted by:
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, FL 33156
Tel: (305) 670-5000

**Copies to:**
John H. Lee, Esq.
*(Attorney Lee is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*